Wash, J.,
delivered the opinion of the Court.
This is an action of ejectment, brought by the plaintiff, Collins, against the defendants, Brannin and Tramell, in the Howard Circuit Court; on the trial of this cause *385 in the Court below, a patent for the land in question, granted by the government of the United States to John Collins, the plaintiff, of record, was offered in evidence to show title in the plaintiff. The defendants then offered to prove, by parol evidence, that the said patentee, John Collins, was dead at the suing out of said patent, to which proof the plaintiff objected, but the objection was overruled by the Court, and the defendants permitted to introduce the evidence, and, therefore, there was a verdict and judgment for the defendants^ to reverse which judgment, the present writ of error is prosecuted. The error assigned and relied on is, that the parol proof of the patentee’s death, at the date of the patent, ought to have been excluded by the Court below, and the judgment given for the plaintiff instead of the defendants. In order to recover in an action of ejectment, the plaintiff must show title in himself to .the land in question, at the institution of the suit, and to prevent a recovery, it will, .of course, be altogether sufficient for the -defendant to show title in-another, or out of the plaintiff at that time. If the evidence offered by the defendants was calculated to show -title out of the plaintiff, when his action was commenced, the Court below ■did right.in suffering it to go to the jury. It was to prove that the patentee was dead ,at the emanation of the patent. When the patent emanated, or when the plaintiff died, is not to be collected from any thing in the record. All that appears, is the .offer to prove that the plaintiff, the patentee, was dead at the time of suing out the patent. The fact of the plaintiff’s death was not the one of which the defendants ought to avail themselves directly to defeat or delay the recovery. The fair construction of the whole record is, that the plaintiff was alive at -the institution of the suit, and if so, the proof of his death at the date of the patent, was equivalent to the proof of title acquired after the institution of suit, which would be sufficient to prevent the plaintiff from recovering in that action. If, however, it could he supposed, that the plaintiff was dead before the institution of the suit, and could yet come orbe brought into court, complaining of trespass and ejectment, it could certainly be for such lands only as were lawfully possessed by him, or to which he had acquired title before bis death. As patentee, or grantee, nothing could pass to the plaintiff by virtue of a grant made after his death. So that the proof offered by the defendants was directly calculated to prevent a recovery, by showing .either that the title was acquired after the action was commenced, or that the title, passed by the grant could not avail the plaintiff, who was not in existence at the time. Whether it would revert to the grantor, or inure to the legal representatives of the grantee, is not now a question to be settled. Upon the whole, it is the opinion of the -Court, that the Circuit Court did right in overruling the objection of the plaintiff to the evidence offered by the defendants.
Therefore, let the judgment be affirmed, with costs.