### BUXTON vs. CARTER.

In ejectment, a plaintiff must shew title in himself before the ouster laid in his declaration.

*64- / 7 8 ·*

### APPEAL from Warren Circuit Court.

CAMPBELL & WELLS, *for Appellant.*

1. The provisions of the tax sale law, approved February 27th, 1843, so far as they tend to convert bad titles into good titles, are unconstitutional, and when used in order to eject third parties from land, they should be considered void.

2. The provision of said law making the sheriff's deed *prima facie* evidence of title in the purchaser, is a violation of the principles of the constitution.

3. The lands sold under the said tax law in 1843, were not sales of lands for taxes, but were lands that had been previously either sold to the State for taxes or forfeited to the State for taxes; and whether the title of the State thereto was good or bad, the State could not constitutionally pass any law to make its own title better.

4. The sheriff's deed may afford *prima facie* evidence that he had advertised and sold the land as stated therein, but it does not tend to prove that all other officers, in other places and former years, have discharged their duties correctly.

5. It is the duty of the legislature by prospective acts to enforce the payment of the land tax, but not to give a legal value to bad tax titles which have already accumulated in her hands by the ignorance and mistakes of her public officers.

6. The State acts in a double capacity—that of law maker and that of a great land proprietor, and it is not proper for her in the first capacity to give a false value by law to imperfect titles held by her in the second.

7. The defendant has rebutted the *prima facie* case made out by the plaintiff's deed, by showing many irregularities in the proceedings, as follows:

1st. The land was assessed to Langham, when the title was in Armstrong.

2nd. It was assessed to Langham when he was dead.

3rd  No descriptive lists of transfers were kept in the clerks' offices of Warren county.

4th. The land was not assessed, valued and taxed separately, but in gross with another tract of land.

5th. The land tax of this and another tract were arbitrarily separated by the Register when he certified out the list for sale.

6th. The land was certified out as delinquent lands for Warren county for three years before Warren county had existence, and the county taxes for those three years belonged to Montgomery county, and not to Warren county.

8. The verdict is defective because it does not describe the land found to be withheld, except by a general reference to the declaration.

9. The sheriff's deed does not conform to the law.

10. The record in this cause shows a gross irregularity, in this: When the land was once sold to the State and not redeemed, if the tax sale was regular and valid, it became the property of the State, and after that time it ought to have been assessed to the State, and not assessed to Angus Langham; but the officers of the State, in violation of law, continued to assess it to Angus Langham, and these subsequent illegal assessments formed the principal part of the amount for which this land was certified out and sold.

LEONARD & BAY, *for Appellee.*

1. The sheriff's deed of the 13th October, 1843, vested in the plaintiff, *prima facie*, a title in fee simple to the premises in controversy, under the 16th section of the act of February 27th, 1843.

1st. It was competent for the legislature to give this effect to the deed.  The law is not retrospective in its operation, within the meaning of our constitution, and the legislature may enforce the collection of the taxes by any penalties they think proper to impose.  1 N. Y. Rev. Stat., 411 –12, secs. 80-1.

2nd. Although the statute has been repealed, the deed executed under it is, by the 16th section of the Revised Statutes, title "Evidence," possessed of the same vigor it originally had.

2. It is sufficient, under our statute, for the plaintiff in ejectment to show title in himself at the commencement of the suit, and therefore it is no ground for the exclusion of this deed that it shows the origin of the plaintiff's title to be subsequent to the day of the ouster laid in the declaration.

At common law, the plaintiff must show title in himself previous to the day of the demise laid in the declaration.  Our statute, however, has swept away all the fictions of the common law in relation to the action of ejectment, and with them the rules by which they are regulated.  The act, title "Ejectment," sections 5 and 9, prescribes the averments to be put in the declaration and the facts necessary to be proved on the trial.  The averments are, title in the plaintiff on a certain day to be specified—the subsequent entry of the defendant, and the withholding of the premises from the plaintiff at the commencement of the suit—and the proof is title in the plaintiff, and possession in the defendant, at the commencement of the suit.

3. The deed did not show that the title which it passed to the plaintiff, passed subsequent to the commencement of the suit.  The suit was commenced on the 13th October, 1843, and the deed was executed on the same day; and the question whether the deed was executed at the commencement of the suit was for the jury, and not for the court, on a motion to exclude the deed. 6 Bac., 119; 6 N. H., 537; 15 Mass. Rep., 346.

4. The assessment of the land in the name of a person other than the owner, does not invalidate the assessment, and of course does not touch the validity of the plaintiff's deed.

The tax is a lien upon the land, and not a mere personal charge against the owner (Rev. Stat.,

1825, p. 672-3, sec. 25; Rev., Stat., 1835, p. 641, sec. 1) and the tax sale vests in the purchaser a right to the land and not a mere right to the estate therein of the person assessed, and extinguishes all adverse titles except the title of the United States and of this State. (Rev. Stat. 1825, p.677-8, sec. 37; Rev. Stat. 1835, p. 542, sec. 6.)

5. The plaintiff's instruction in relation to the separate assessment of the land was properly refused, because—

1st. There was no evidence of a joint assessment with any other tract. The proof given by the defendant, instead of showing such an assessment, showed that, while the tract in controversy was assessed, the tract standing on the "tax book" immediately above it was not assessed.

2nd. An assessment of a gross sum against two tracts of land does not invalidate the assessment so as to defeat a sale of either tract on account of the non-payment of its proportion of the whole tax assessed.

3rd. The land in controversy was sold as land belonging to the State which she had acquired either by purchase at previous tax sales or by forfeiture for the non-payment of taxes; and if so, the invalidity of the assessment for the years 1835, 1836, 1837 and 1838 does not invalidate the deed. That instrument is presumptive evidence of title in the plaintiff, and this presumption is not repelled by proof of the illegality of the assessments for the years specified, if the land had previously been sold or forfeited to the State for the non-payment of taxes, and any tax lawfully assessed upon it was due and unpaid at the time of the sale for six years prior to 1841. Statutes of 1842-3, p. 137-8.

Scott, J., *delivered the opinion of the Court.*

This was an action of ejectment brought by Carter against Buxton to recover possession of a tract of land situate in Warren county, in which Carter recovered judgment.

The declaration alledged that on the 5th day of September, 1843, Carter was entitled to the tract of land in controversy, and that, on the 10th of the same month, he was ejected by Buxton. The deed offered in evidence by Carter to show title in himself, was dated the 13th October, 1843. The reading of this deed to the jury was objected to on the ground that it did not show title in Carter before the day laid in the declaration. The objection was overruled, and the deed was read, to which Buxton excepted.

Our statute on the subject of the action of ejectment is substantially a copy of that which exists in the State of New York. In the case of Siglar vs. Van Riper, 10 Wend., 414, it was maintained that the plaintiff in ejectment must show title in himself before the day laid in his declaration. It is clear, that in this case, the plaintiff, according to his own showing, had no title to the premises at the time of the ouster complained of.

There are other questions in this case relative to which we express no opinion, as it was suggested by the counsel for the appellant that on a new trial they will be presented in a different shape.

The other Judges concurring, the judgment will be reversed.