W. S. NORFLEET, Appellant, vs. A. J. RUSSELL, et al., Respondents.

1. *Evidence—Certificate of acknowledgment of clerk of circuit court—Record copy—Private seal—Omission of.*—Where, as appears from a record copy thereof, the body of a certificate of acknowledgment made by the clerk of a circuit court contains the statement that, there being no seal of the court, the private seal of the clerk is affixed, the presumption arises that the seal was attached thereto, although no written scroll or seal is copied on the record.

2. *Deeds—Covenant of future assurance—After-acquired title.*—Where it distinctly appears on the face of a deed that the intent of the grantor is to convey a fee simple estate, and the instrument contains covenants of future assurance of title, it will convey such as the grantor may afterwards acquire.

3. *Ambiguity, latent will not render deed inadmissible.*—The omission in a deed to designate the county in which land lies will not render the deed inadmissible.

4. *Deed—Acknowledgment—Date of—Subsequent to that of record—Effect of.*—Although the acknowledgment of a deed bear date subsequent to that of the record, notice will nevertheless be imparted from the date of the acknowledgment.

5. *Action—Deed—Suit on subsequent to date of.*—Plaintiff cannot recover on a deed executed after the commencement of his suit.

6. *Land titles—Possession defeated by prior possession with claim after.*—Where plaintiff rests his claim on naked possession, a prior possession in defendant, where the fee is claimed in connection with it, will be sufficient to defeat him.

*Appeal from Greene County Circuit Court.*

*Bray & Cravens,* for Appellant, cited : Stevens vs. Hampton, 46 Mo. 404 ; Bishop vs. Schneider, 46 Mo. 472 ; Ryan vs. Carr, 46 Mo. 483 ; Mastin vs. Halley, 61 Mo. 196 ; Chouteau vs. Burlando, 20 Mo. 482 ; Geary vs. Kansas City, 61 Mo. 378 ; Heddon vs. Overton, 4 Bibb. 406 ; Griffin vs. Sheffield, 38 Miss. 359 ; Snead vs. Ward, 5 Dana, 187 ; Smith vs. Dill, 13 Cal. 510.

*O'Day, Ellis & Kenton,* for Respondents.

NORTON, Judge, delivered the opinion of the court.

This is an action by ejectment to recover the possession of parts of lots 17 and 18 in the city of Springfield. The answer of defendants denies specifically the allegations of the petition, and avers that the defendant Kershner, and those under whom he claimed, had been in the actual, open and notorious possession of the lots in suit for ten years prior to the commencement of

the action. The adverse possession of defendant was denied by replication.

On the trial plaintiff offered a large number of deeds in support of his title, and several of them being rejected by the court, plaintiff took a non-suit with leave to move to set the same aside. A motion for that purpose having been filed and overruled, plaintiff appeals to this court.

The only point presented for determination is, as to the action of the court in excluding the record of deeds offered by plaintiff; and to this our attention will be directed. The record shows that the land of which the lots in dispute are a part, was entered by John P. Campbell in 1837.

Plaintiff offered in evidence record of deed of John P. Campbell, to Greene county, dated 1836, conveying to said county fifty acres of land, out of which the lots sued for were carved. This deed was acknowledged before the clerk of the circuit court of Greene county. It was objected to because the record did not show that a seal was attached to the certificates of the clerk taking the acknowledgment. The statement appears on the face of the certificate, that there being no seal of the court, the private seal of the clerk was affixed. Where such statement is made in the body of the certificate the presumption arises that the seal was attached thereto, although no written scroll nor seal appears to be copied in the record. (Geary vs. Kansas City, 61 Mo. 378, and cases there cited.)

Nor is there anything in the objection that the deed was executed by Campbell before he acquired title. It distinctly appears on the face of the deed that the intent of the grantor was to convey a fee simple estate, and contained covenants of further assurance of title. (Bogy vs. Shoab, 13 Mo. 381.)

The objection made to the record of the following deeds because it did not appear that the seal of the officer, taking the acknowledgment, was copied in the record, viz: deed from B. H. Woodson to W. and S. Norfleet, deed from J. and W. Norfleet, to McQuirter, deed from McQuirter to Woodson, should have been overruled for the reason above given. The record of deed from

Woodson to Jones, as trustee, should have been admitted as evidence. It described the land conveyed as being "seventy feet front off of the east side of lot No. 18, running back sixty-seven feet deep, also twelve feet front off of the west side of lot No. 17, and running back sixty-seven feet and fronting on Olive street, lying and being situated in the city of Springfield, Mo." There is nothing in the objection that it did not further describe the lots as being in Greene county. (Long vs. Waggoner, 47 Mo. 179 ; Clardy vs. Matthews, 38 Mo. 121.)

Nor was there anything in the objection to the above deed that it appeared to have been filed on the 27th of July, and was acknowledged and recorded on the 28th of July, the day after it was filed. It would certainly take effect from the 28th, the day it was acknowledged and recorded, and impart notice from that time.

The deed of Patterson, as sheriff and trustee, to plaintiff, having been executed by him after the commencement of the suit, was properly rejected by the court. The suit was instituted on the 18th day of October, 1870, and the deed of Patterson to Norfleet, the plaintiff, was executed in 1873. If plaintiff base his right of recovery on this deed, he cannot maintain it in this suit, as it was brought more than two years before title vested in him, by virtue thereof. (Collins vs. Bramer, 1 Mo. 540 ; Norcum vs. D'Œnch, 17 Mo. 98 ; Buxton vs. Carter, 11 Mo. 481 ; Hall vs. Bell, 6 Met. 433.)

The bond of McKinney to Apperson, dated in 1849, was properly excluded by the court. It was neither acknowledged, nor was there proof of its execution.

During the trial plaintiff offered evidence tending to show that the lots in controversy had been in his possession, and the possession of the grantors of the deeds received in evidence and then rejected, and under which plaintiff claimed since about 1843. From the light of the record as presented, the defendants appear to rest their claim on naked possession, and in such case, prior possession, when the fee is claimed in connection with it, raises a presumption of title, and is sufficient to eject him who holds

only by such title. (Dale *et al.* vs. Faiver, 43 Mo. 556, and cases there cited.)

For the errors committed in excluding the record of deeds above referred to, the judgment is reversed and cause remanded. The other judges concur except Judge Wagner, absent.