Burgess, J.
Ejectment for a tract of land in Howard county, Missouri, described as follows: Southwest fractional quarter of section 4, township 48, range 15, beginning at the quarter section corner on the west ■side of said section 4, as established by E. E. Dunaway; thence running south seventeen chains to a point on the original bank of the Missouri river; thence south to the middle of the old channel of said river; thence down said channel to the line between Greorge B. Cos and H. Walters; thence north to said Walters’ northwest corner; thence north seventy-two and one half degrees east along said Walters’ north line to the middle line dividing said section running east and west; thence west to the point of beginning, containing one hundred and thirty-seven acres, more or less. The petition was in the usual form, and the answer a general denial.
The land formed in the Missouri river after the government survey in 1816, between an island known as “Naylor’s Island” and said southwest fractional quarter section 4, which lies on the north bank of the river opposite said island. The land in question is the same that was in controversy in Naylor v. Cox, 114 Mo. 232. The defendants Arnold, Arnold and Eay are tenants of the defendant Naylor.
It was admitted upon the trial that the southwest fractional quarter of said section 4 was patented to Charles B. O’Neill in 1837. Plaintiff showed a regular ■chain of title from O’Neill to himself. It was also *342 admitted, that at the time of the original survey, and the date of said patent, the main body of water of the Missouri river ran along the southern boundary of said fractional quarter, and between it and “Naylor’s Island,” lying immediately south of it; that said island belongs to defendant Naylor, and that defendants were at the time of the commencement of this suit in possession of said island, and of the land in question.
The evidence tended to show that after said quarter section was patented to O’Neill a lai’ge portion of it was washed away by the action of the waters of the river, which gradually cut away its bank, the river moving further north until its main channel was within the boundaries of said quarter section, the river bed covering a large portion of the area that was formerly within the boundary of said quarter, the waters of the river continuing to run over this area for a number of years; that what was called by the witnesses a “towhead” formed in 1871, in the main channel of the river, between plaintiff’s land and “Naylor’s Island,” but at the time of the government survey in 1816 was within the boundaries of said quarter; that at the time of the trial the amount of water of the main channel of the river, that passed between the main land and the “towhead” was about equal to that between Naylor’s Island and the “towhead;” that land was gradually formed to the “towhead” and extended toward the island and also toward the mainland, and that the land sued for was not formed against or added to plaintiff’s land by accretion, but began.to be formed where the “towhead” first made its appearance, which was within the original boundaries of said quarter section as originally surveyed. There was also evidence on cross-examination of the witnesses going to show that the land was formed by accretion to Naylor’s Island.
*343 At the conclusion of all the evidence defendants interposed a demurrer thereto, which was sustained. Plaintiff then took a nonsuit with leave to move to set the same aside, which being overruled, after taking the proper steps, he appealed.
It is contended by plaintiff that, as he is the owner of the southwest fractional quarter of section 4, township 48, range 15, a part of which was never submerged, that notwithstanding the Missouri river is a navigable stream, the situs of the land in question was entirely washed away — was for a number of years in the channel of, and submerged by, the waters of said river, and that its re-formation began in the channel of that stream — yet, as the water receded from the submerged portion, and that which first reappeared is within the original survey of said quarter section, he is the owner thereof, and all accretions thereto, and entitled to its possession.
It is well settled in this state, by an unbroken line of decisions, that a riparian proprietor on a navigable stream only owns to the water’s edge. Cooley v. Golden, 117 Mo. 33; Naylor v. Cox, 114 Mo. 232; Rees v. McDaniel, 115 Mo. 145; Railroad v. Stock Yards Co., 120 Mo. 541; Benson v. Morrow, 61 Mo. 345.
When a riparian owner becomes the owner of land he acquires as incident thereto, without price, whatever may be added to it by gradual and imperceptible accretion ; while at the same time he assumes the risk of losing it all by its being gradually washed away by the waters of the river, but his line always remains at the water’s edge, wherever that may be. His line expands as the waters recede and accretions form to his land, and contracts as the waters encroach upon and wash away his land. The only way that plaintiff could have regained what land he had lost by its being washed away, and its situs submerged by the waters of the *344 river, was by gradual and imperceptible accretion,, beginning at his line at the water’s edge. In this way, he would become the owner and entitled to the possession of all land accreted to his original tract, or that portion of it which had not been washed away. Naylor v. Cox, supra.
Plaintiff’s line being at the water’s edge, he was-not entitled to recover in this action, notwithstanding the land began to re-form within the boundaries of the-original survey of said quarter section at a place where-the land was, at the time of said survey, uncovered by water, and it makes no difference that defendant Naylor may not be the legal owner, or that defendants may be in its wrongful possession. Plaintiff must recover if at all upon the strength of his own title, and not upon the weakness of his adversary’s. We will not undertake to say to whom the land in question belongs. It is. sufficient to a determination of this case that plaintiff has not shown title thereto, or that he is entitled to its-possession.
Plaintiff relies on Buse v. Russell, 86 Mo. 209, as-sustaining his contention, but an examination of that, case will show that no such question as the one now-under consideration was involved in that ease. The-question there was in regard to accretions to a surveyed island, and, while it is true that it was said, “if the-island washed away, in whole or in part, after it was surveyed, and then re-formed on the same bed, plaintiff is entitled to recover,” it was also said that, “what might be the law if the island had washed away wholly, so as to become a part of the navigable portion of the-river, and so remained for any considerable length of time, we are not called upon to determine by any of the facts in this case, nor do the instructions hypothecate any such state of facts.” Here the land sued for was re-made, and where the land was originally became *345 a part of the channel of the navigable river and so remained for many years — the very question with respect to which it was said in that case that what might be the law the court was not called upon to determine.
The case was tried in accordance with the views herein expressed, the judgment was for the right party, and should be affirmed. It is so ordered.
All concur, except Brace, O. J., who dissents.