PARKER, *Appellant*, v. CASSINGHAM.

Division One, November 7, 1895.

1. **Supreme Court Practice**: NEW TRIAL. The granting of a new trial because the verdict is against the weight of the evidence will not be reviewed where it does not appear that the trial court abused its discretion.

2. **Ejectment**: TITLE. In ejectment plaintiff must recover on the strength of his own title.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED AND REMANDED.

*James F. Graham* and *L. H. Waters* for appellant.

(1) As both parties claimed under Wm. Humphreys, it was not necessary to show title from the government to plaintiff. (2) The title to the strip in controversy under the deed to defendants remained in Humphreys. Shep., Touchstone, 79, 86, 88; *Bogy v. Shoal,* 13 Mo. 272; *Randall v. Randall,* 59 Mo. 399; *Allen v. Scott,* 21 Pick. 25. (3) Defendants had the entire tract inclosed when they accepted Humphrey's' deed. They put in the gates, that the owner of the strip might pass out to the road, and they were maintained until 1891. Defendants did nothing after the deed from Humphreys, indicating any claim to the strip, and therefore his possession was not adverse. To change the character of their possession from a friendly to a hostile one, notice of such change must be brought home to the owner. *Hamilton v. Boggess,* 63 Mo. 233; *Gordon v. Eans,* 97 Mo. 87. (4) The court did not err in giving plaintiff's instructions nor in refusing defendant's first, second, fourth, and sixth instructions. (5) The court erred in sustaining defendant's motion for a new trial.

*Hale & Son* and *Jas. McCann* for respondent.

(1) The trial court did not err in granting the new trial. (2) The court erred in its rulings on the instructions, especially in its refusal of those asked by defendant.

BRACE, P. J.—This is an action in ejectment to recover a strip of land fifteen feet wide off of the south side of the southwest quarter of the southwest quarter of section 5, township 54, range 21, in Carroll county. The answer was a general denial. The verdict was for

the plaintiff, which was set aside, and a new trial granted, on motion of the defendant, on the following grounds specified on the record to wit:  "Because the court erred in giving and refusing proper instructions; the verdict was against the law as declared by the court, and against the evidence."

1.    One of the grounds specified for granting a new trial was, that the verdict was against the evidence, which, we take it, is equivalent to saying that it was against the weight of the evidence.   One of the issues submitted to the jury was whether the defendant had acquired title by adverse possession.   Upon this issue the evidence was conflicting and uncertain.

In such case this court has uniformly held that it would not, on appeal, review the evidence and determine its weight; that this is a question peculiarly within the province of the trial court, in the determination of which it has a large discretion, which we will not interfere with, unless it plainly appears that injustice has been done, or the discretion has been unsoundly or arbitrarily exercised. *Bank v. Armstrong*, 92 Mo. 265.   Nor should we do so any more in a case where the court grants a new trial upon this ground than in one where it refuses to do so.   *Bank v. Wood*, 124 Mo. 72.   We can not say on the record in this case that this discretion has been abused.

2.    The court refused an instruction asked by the defendant to the effect that the plaintiff must recover upon the strength of his own title, and submitted the case to the jury wholly upon the strength of the defendant's title as being derived from one William Humphreys as a common source, and from possession. What title if any plaintiff had from that source *to the strip in question* does not appear from the record, the only statement in regard thereto appearing in the bill

of exceptions being: "Warranty deed from the heir and widow of Humphreys to the plaintiff, dated February 3, 1891, admitted and read in evidence." No such deed appears in the record nor any abstract of it, whether it conveyed any title whatever to the plaintiff, and, if so, whose title and to what land we have no way of determining. The plaintiff's title to the land in question was put in issue and ought to have been tried, and the court might well have granted a new trial in order to rectify this error.

It is possible that the learned judge who tried the cause found other cogent reasons for doubting the correctness of the theory upon which the case was tried as embodied in other instructions, but as a sufficient reason has been already shown to sustain his action in granting a new trial, we do not feel authorized to anticipate his final conclusions on these matters in this preliminary appeal. The cause will be remanded to the circuit court for new trial, as ordered by that court. All concur, except ROBINSON, J., absent.