## T. M. NOBLE v. KANSAS CITY, Appellant.

**Division One, July 1, 1909.**

1. **NEW TRIAL: No Cause of Action Stated.** Where the petition does not state a cause of action, but the evidence shows one to exist in favor of plaintiff, and the verdict is one for nominal damages, the court does not err in granting plaintiff a new trial. To reverse the order of the trial court sustaining plaintiff's motion for a new trial, on the ground that the petition did not state a cause of action, would be anomalous ruling.

2. ———: **Nominal Damages.** Where the evidence, in an action for personal injuries, shows that plaintiff sustained a fracture of his leg, and shows that a cause of action exists, the trial court does not err, upon the return of a verdict for plaintiff assessing his damages at one cent, in granting him a new trial. Such a verdict is not to be considered, in fact, one for defendant.

3. ———: **Discretion of Trial Court.** It is peculiarly within the sound discretion of the trial court to pass upon the weight of the evidence when considered in connection with a motion for a new trial; and where the record does not show that the trial court abused that discretion, the appellate court will not substitute its discretion for the former.

Appeal from Jackson Circuit Court.—*Hon. H. L. McCune,* Judge.

AFFIRMED.

*Edwin C. Meservey* and *W. H. H. Piatt* for appellant.

(1) The petition does not state a cause of action against defendant. (a) Because it does not allege that the accident happened in a public street of defendant; (b) because it does not state that defendant, after actual or constructive notice of the alleged defective condition, had a reasonable opportunity to repair said street before the accident and failed so to do. Therefore, the court erred in overruling defendant's objection to the introduction of any evidence under it. Richardson v. City of Marceline, 73 Mo. App. 364; Maus v. Springfield, 101 Mo. 618; Ball v. Neosho, 109 Mo. App. 689; Baustian v. Young, 152 Mo. 325; 20 Am. and Eng. Ency. Law (2 Ed.), 94; Seaboard Mfg. Co. v. Woodson, 94 Ala. 147; U. S. Rolling Stock v. Weir, 96 Ala. 402. (2) The petition does not charge and the evidence does not establish that defendant, after actual or constructive notice of an unsafe condition, had a reasonable time in which to repair same before the accident, therefore, the court erred in overruling defendant's demurrer at the close of all the evidence. Richardson v. City of Marceline, 73 Mo. App. 365; Ball v. Neosho, 109 Mo. App. 689; Baustian v. Young, 152 Mo. 325; Ballard v. Kansas City, 126 Mo. App. 543. (3) It is error to grant plaintiff a new trial by setting aside a verdict in his favor

for one cent, in effect a verdict for defendant, when
on the whole record defendant is entitled to a judg-
ment. Lee v. Knapp, 137 Mo. 390; Ins. Co. v. Mattson,
100 Mo. App. 316; Grocer Co. v. Grossman, 100 Mo.
App. 338. (4) The verdict being for plaintiff, when
on the record it should be for defendant, the grant-
ing of a new trial to plaintiff on his motion, for the
alleged reason that the verdict is against the weight
of the evidence, is such an abuse of and arbitrary ex-
ercise of the trial court's discretion that its action
should be reversed by the appellate court. Campbell
v. Hood, 6 Mo. 211; Richardson v. Brick Co., 122 Mo.
App. 532.

*Basil P. Finley, Leslie J. Lyons, Hoyt A. Poorman*
and *E. W. Shannon* for respondent.

(1) The circuit court in granting plaintiff a new
trial exercised proper discretion which was vested in
it, and on appeal it is for the appellate court to re-
view only matters of law and not the weight of the
evidence, nor should the appellate court substitute
its discretion for that of the trial court. Haven v.
Railroad, 155 Mo. 229; Thompson v. Railroad, 140
Mo. 125; Bank v. Wood, 124 Mo. 72; Hewett v. Steele,
118 Mo. 463; Parker v. Cunningham, 130 Mo. 348.
(2) Even though the verdict be regarded as a verdict
in effect for defendant, the trial court had a right
to grant plaintiff a new trial for the reason that the
court believed the verdict against the weight of the
evidence. Haven v. Railroad, 155 Mo. 231.

WOODSON, J.—This action was instituted to
recover $10,000 damages for personal injuries, alleged
to have been sustained by plaintiff by stepping in an
unguarded excavation in one of the public streets of
Kansas City.

A trial was had before the court and a jury, which resulted in a verdict and judgment in favor of plaintiff for one cent. In due time plaintiff filed a motion for a new trial, and among other grounds assigned therein was that the damages assessed were inadequate to the injuries sustained by plaintiff, and was against the weight of the evidence. In due course the court took up the motion, and, after due consideration, sustained it, because of the inadequacy of the verdict, etc. From the order of the court granting the new trial, the defendant appealed to this court.

The evidence for plaintiff tended to show that while he was walking along Thirty-first street, near Cherry street in Kansas City, on a dark night, he stepped into a deep, unguarded hole, which had been there and in that condition for several days, and that in consequence thereof he was thrown violently to the ground, and thereby sustained a fracture of his right leg, below the knee. The defendant's evidence tended to show that there was no hole in the street at the time the injury is alleged to have occurred; and in point of fact plaintiff was not injured at all.

I. It is first insisted by counsel for the city that the petition did not state a cause of action, and for that reason the court should not have sustained the motion for a new trial.

That insistence presents a novel proposition. Our reports are full of cases in which this court has reversed the judgment and remanded the cause because the petition did not state facts sufficient to constitute a cause of action against the defendant; but this is the first time in the history of our jurisprudence when that reason has been urged as a ground for reversing the judgment of the circuit court which sustained a motion for a new trial.

If this insistence of counsel is tenable, then certainly all of our former rulings in that regard are

erroneous; and instead of it being the duty of the trial court to sustain a motion for a new trial when the petition does not state facts sufficient to constitute a cause of action, it would then become the duty of the trial court to overrule such a motion, even though the petition is so defective as to state no cause of action, as defendant insists this one does not.

Nor would the court be warranted to consider as a fact a matter which is not a fact, namely, that the verdict of the jury was in reality for the appellant, for the purpose of giving plausibility to this anomalous position of the appellant, for the reason that where the petition does not state a cause of action, yet where the evidence shows a cause does in fact exist, as is true in this case, then the plaintiff should be given an opportunity to amend his petition to conform to the facts, which could not be done should we adopt appellant's view of this case. Not only that, but such holding would do violence to the spirit and true meaning of article 6 of chapter 8 of Revised Statutes of 1899, entitled "Amending Pleadings and Proceedings." This is the view taken of a similar verdict in the case of Haven v. Railroad, 155 Mo. 216.

We are, therefore, of the opinion that the court did not err in granting a new trial, even though it be conceded that the petition did not state a cause of action.

II. There is another reason why this court should not interfere with the action of the trial court in granting respondent a new trial, and that is this— it is peculiarly within the sound discretion of the trial court to pass upon the weight of the evidence when considered in connection with a motion for a new trial; and where the record fails to show, as this one does, that the trial court abused that discretion, then this court should not substitute its discretion for that of the former. This is the universal ruling of this

court upon that question. [Haven v. Railroad, 155 Mo. l. c. 229; Thompson v. Railroad, 140 Mo. 125; Bank v. Wood, 124 Mo. 72; Hewett v. Steele, 118 Mo. 463; Parker v. Cassingham, 130 Mo. 348.]

We, therefore, affirm the judgment of the circuit court granting respondent a new trial.

All concur.