## LAWRENCE C. CARTER v. WILLIAM C. MACY, Appellant.

### Division Two, February 6, 1912.

1. **CONVEYANCE: Omission of Word Acre: Supplied by Pleading.** Where defendant by his answer stated that a certain grantor in plaintiff's chain of title conveyed "86 acres," he cannot object to a deed which omitted the word "acres" after the 86. In fact, it was not necessary, in view of that averment in the answer, for plaintiff to introduce the deed in evidence.

2. **EJECTMENT: Division of Excess in Quarter Section.** In ejectment, plaintiff can recover only by showing a legal title in himself; and if his deed and chain of title convey only 86 acres he can recover no more. So that where there was 157.2 acres in a quarter section, and the heirs by friendly partition divided the lands between them, giving to plaintiff's grantor 86 acres and to defendant's grantor 71 acres, the court cannot, in a suit in ejectment by plaintiff, for the omitted strip of one-fifth of an acre, divide it proportionately between them. Sec. 11320, R. S. 1909, providing for dividing the excess, etc., has no application to such a state of facts.

Appeal from Daviess Circuit Court.—*Hon. Francis H. Trimble*, Judge..

AFFIRMED (*conditionally*).

*Cruzen & Britton* for appellant.

In ejectment plaintiff must recover, if at all, on the strength of his own title, and not because of any weakness or want of title in the defendant. Large v. Fisher, 49 Mo. 307; Funkhouser v. Peck, 67 Mo. 19; Siemers v. Schrader, 14 Mo. App. 346; Marvin v. Elliott, 99 Mo. 616; Mather v. Walsh, 107 Mo. 121; West v. Bretell, 115 Mo. 653; Mulharin v. Simpson, 124 Mo. 610; Cox v. Arnald, 129 Mo. 337; Parker v. Cassingham, 130 Mo. 348; Ratliff v. Graves, 132 Mo. 76; Stephens v. Murray, 132 Mo. 468; Burnham v. Ritt,

143 Mo. 414; Creech v. Childers, 156 Mo. 338. To recover in ejectment plaintiff must prove he has the legal title, at the beginning of the suit, and he cannot maintain ejectment where he has never been possessed of the legal title. Buxton v. Carter, 11 Mo. 481; Norfleet v. Russell, 64 Mo. 176; Ford v. French, 72 Mo. 250; Dunlap v. Henry, 76 Mo. 106; Nalle v. Thompson, 173 Mo. 595; Kingman v. Seivers, 143 Mo. 519; Clay v. Mayr, 144 Mo. 376. In ejectment plaintiff must recover on a strict legal title, an equitable title is not sufficient. Martin v. Kitchen, 196 Mo. 477; Ables v. Webb, 186 Mo. 233. Plaintiff must not only show a legal title, but must show that he was entitled to possession. Finley v. Babb, 144 Mo. 403; Hough v. Light & Fuel Co., 127 Mo. App. 570. Where the defendant is in possession of land not under color of title, plaintiff cannot eject him therefrom without showing title and right of possession in himself. McVey v. Carr, 159 Mo. 648. Plaintiff in ejectment having shown title to a portion of land in dispute cannot recover that to which he has shown no title. Fenwick v. Gill, 34 Mo. 194. In ejectment the plaintiff must show a complete chain of title from the government or the admitted common source of title and the conveyances constituting the chain, must each be sufficient to convey a legal title, or he must show such possession as to constitute a legal title. 10 Am. & Eng. Ency. Law (2 Ed), p. 484, subd. 3; Dollarhide v. Mabary, 125 Mo. 197; Harvey v. Anderson, 129 Mo. 206; Robinson v. Claggett, 149 Mo. 153; Schrack v. Zubler, 34 Pa. St. 38; Ablard v. Fitzgerald, 87 Wis. 516. A deed to be a valid conveyance must contain a definite or certain description of the property conveyed, so that the land intended to be conveyed can be indentified and ascertained by means of the information given by the deed, and if the description in the deed is so indefinite and uncertain that this cannot be done it is void for uncertainty. 4 Am. & Eng. Ency. Law (2 Ed.), 802; 13 Cyc. 543; Devlin on Deeds

(2 Ed.), sec. 1010; 1 Greenleaf on Ev. (14 Ed.), 301; Holme v. Strautman, 35 Mo. 293; Campbell v. Johnson, 44 Mo. 247; Clemens v. Rannells, 34 Mo. 579; Jones v. Carter, 56 Mo. 403; Vasquez v. Richardson, 19 Mo. 96; Carter v. Barnes, 26 Ill. 454; Baily v. White, 41 N. H. 337; Edens v. Miller, 147 Ind. 208; Caldwell v. Fulton, 31 Pa. St. 489; Louisville & N. R. Co. v. Boykins, 76 Ala. 560; Wilson v. Inloes, 6 Gill (Md.) 121.

*Boyd Dudley* and *J. A. Selby* for respondent.

Appellant complains of the action of the court in prorating the excess between the two tracts. The evidence shows this quarter section, containing 157.20 acres, belonged to Nichols. Partition of his lands among his children after his death, this quarter fell to Rhoda Story and Eliza Hover. It was surveyed, the dividing line established, and a stone set. The tract south of that line went to Eliza Hover, the tract north of the line went to Rhoda Story. It was complete partition. The deeds being intended as a partition of the whole quarter section conveyed to the surveyed partition line regardless of the small surplus. Under circumstances of this kind it is fundamental that if there be an excess it should be prorated. Even if this were not true and the court should find that the line was set a little too far south, that the excess should all go to the defendant, it is a trifling matter, less than twenty-four inches, and as the whole matter is before this court, it would be entirely proper for this court to move the line the requisite distance further north and affirm the case with the line so established.

KENNISH, J.—This is an appeal by the defendant in an ejectment suit from an adverse judgment of the circuit court of Daviess county. Respondent and appellant own adjoining lands in said county, and this

suit was brought by the respondent to recover the possession of two narrow strips of land alleged to be in the possession of the appellant. The first tract is about two rods wide and about one-fourth of a mile in length. As to this tract, although appellant disclaimed in his answer both ownership and possession, he thereafter entered into a written stipulation with respondent, which was introduced in evidence, in which it was admitted that the defendant, at the comencement of the suit, was in possession of the lands in controversy. However, as appellant does not complain in this court of the finding against him as to such tract, it is thus removed from the zone of controversy, and will not be further considered or referred to.

The other tract sued for is described in the petition as "a strip of land three rods wide, north and south, and one-half mile long, east and west, off of the south side of the north eighty-six acres of the southeast quarter of section 13, township 59, range 27, in said county. Said strip of land being immediately north of the south 71 acres of said quarter section, and lies south of the fence as now built between the lands of the plaintiff and the defendant, and is in within the enclosure of the defendant."

It was agreed that Mounts Nichols, deceased, was the common source of title. The last will and testament of said Nichols was introduced in evidence by plaintiff, and by one of the provisions therein the said southeast quarter section, together with other lands, was devised to his six daughters named in the will. An amicable partition of the lands so devised was made in the year 1873 between the parties entitled, by which a tract of "eighty-six acres off of the north side of the southeast quarter of section 13," etc., was set off and conveyed to a grantee through whom plaintiff acquired title, and a tract of "seventy-one acres off the south side of the southeast quarter of section 13," etc., was set off and conveyed to a grantee through

whom defendant acquired title. Plaintiff and defendant acquired title by mesne conveyances, each of which described the lands as in the partition deeds.

There was testimony tending to prove that pursuant to such partition a survey was made by agreement and large corner stones were buried in the ground, one on the east and one on the west, to mark the boundary line between the said two tracts of land. These monuments remained in position at the time of the trial. According to the government survey, the plant of which was introduced in evidence, the said quarter section contained 157.20 acres, and accepting the said corner stones as fixing the true boundary line, the quantity of land on the north side is 86.20 acres, and on the south side 71 acres, from which it follows that the entire quarter section contains one-fifth of an acre more than the two tracts so partitioned and conveyed. The division fence referred to in the petition and in the testimony was about two rods north of the line as fixed by the said corner stones, and the land in dispute was the narrow strip lying between the fence and such line.

The answer contained three defenses: (1) a general denial, (2) the ten-year Statute of Limitations, and (3) that the fence had been made the boundary line by agreement. The case was tried by the court without a jury, and judgmnt was rendered as heretofore stated. Appellant has not brought up the evidence as to the second and third defenses, and as the court found against him thereon the case is now before us on the issues made by the petition and the first defense of the answer only, to-wit, a general denial.

As the court found against the defendant on the issues of adverse possession and an agreed boundary line, plaintiff was clearly entitled to judgment for so much of the land in dispute as would bring his land to the eighty-six acre line, and (except as to an alleged defect in one of plaintiff's deeds hereinafter noticed)

appellant does not now challenge the judgment in respondent's favor to that extent, but as to the fifth of an acre, not included in plaintiff's evidence of title, appellant complains that the court erred. The foregoing is deemed a sufficient statement of the facts essential to the disposition of the questions presented by the record.

I. Appellant contends that plaintiff was not entitled to recover, for the reason that one of the deeds relied on in his chain of title described the land conveyed as "eighty-six . . . . off of the north side of the southeast quarter," etc., and that there was a fatal defect in said deed to convey legal title, by the omission of the word "acres" after the word "eighty-six." This contention is without merit. The deed referred to is the deed from Edward Story and wife to Elijah C. Carter. In appellant's answer, referring to the same deed, it is alleged "that Edward Story and wife subsequently conveyed the north eighty-six acres of said quarter section to Elijah C. Carter," etc. Upon that state of the pleadings, the conveyance of the legal title to the eighty-six acre tract, by said deed, stood admitted, and it was not necessary that plaintiff should have introduced the deed in evidence.

II. The court rendered judgment for plaintiff for the strip of land in controversy, including such proportion of the said one-fifth of an acre as the 86 acres bore to the 157.20 acres, the quantity of land in the entire quarter section as shown by the government survey. In this we think the court erred. The rule prescribed by section 11320, Revised Statutes 1909, for dividing the excess or deficiency in length of lines over or under the United States Government survey lines, in due proportion among the several subdivisions of the section, is not applicable to the facts of this case. The case was not tried upon that theory. Plaintiff's right to recover was not bottomed upon

his title to any such division of the section, but depended upon a showing that the land in question was a part of the tract of ''eighty-six acres off of the north side of the southeast quarter of section 13,'' etc. The deeds introduced in evidence so described the land, and regardless of the defendant's title, or of the total quantity of land in the quarter section, plaintiff's right of recovery was limited to the land within the lines of the eighty-six acre tract. No principle of the law of ejectment is more firmly established than that the plaintiff must rely on his own title and not on the want of title in the defendant. [Creech v. Childers, 156 Mo. 338; Burnham v. Hitt, 143 Mo. 414; Stephens v. Murray, 132 Mo. 468; Cox v. Arnold, 129 Mo. 337; Large v. Fisher, 49 Mo. 307.]

If, pursuant to the partition between the devisees of Nichols, the common source of title, a survey had been made and a boundary line agreed upon and established, as shown by the testimony of the witness Ward, and such line differed from the line of the eighty-six acre tract, the issues should have been framed upon that theory, and if a mistake had been made in the deed to plaintiff's grantor, it could have been reformed by the exercise of the court's equity jurisdiction, but in ejectment the plaintiff can recover only by showing a legal title, and under the facts of this case no legal title in the plaintiff was proven to the said one-fifth of an acre or any part thereof. [Martin v. Kitchen, 195 Mo. 477; Ables v. Webb, 186 Mo. 233; Clay v. Mayr, 144 Mo. 376.]

III. Appellant contends that the error in the judgment as to the excess of land included cannot be corrected in this court, but that it will necessitate a retrial of the case, and for the reason that the finding of the trial court as to rents and profits was as to all of the lands for which judgment was rendered, including the tract to which the answer disclaimed title

or possession, and that therefore the court, on the record before it, cannot apportion such rents and profits. Respondent, in what is entitled a "Provisional Offer to Remit and Prayer for Modification of Judgment," offers to remit all rents and profits awarded to him by the judgment, as a condition to the affirmance or modification of the judgment.

No sufficient reason appears why this case should be retried, and accordingly the judgment of the trial court is hereby modified by striking out all of that part thereof beginning with the words and figures "a strip of land 21.615 feet wide at the east end and 34.455 feet wide at the west end," etc., and ending with the words "37.455 feet south of the west end of the present fence," and inserting in lieu thereof the following: "a strip of land off of the south side of the north eighty-six acres of the southeast quarter of section thirteen, township fifty-nine, range twenty-seven, Daviess county, Missouri, lying south of the fence described in the petition;" and that the judgment so modified be affirmed, upon condition that respondent will file with the clerk of this court a remittitur of all rents and profits awarded by the judgment in said cause, within ten days from this date; otherwise the judgment will be reversed and the cause remanded. The costs of this appeal are adjudged against the respondent.. *Ferriss, P. J.,* and *Brown, J.,* concur.