## McGREW v. BYRD.*

(Circuit Court of Appeals, Eighth Circuit. January 15, 1919.)

### No. 5105.

1. EJECTMENT ⊜⇒9(3)—NECESSITY OF PROVING TITLE.

It is the settled law of Missouri that in an action of ejectment plaintiff must recover on the strength of his own title, and not on the weakness of his adversary's title.

2. EVIDENCE ⊜⇒342—RECORDS—COPY—COMPETENCY.

Under Missouri statutes relating to sale of swamp lands by a county, providing for issuance in triplicate of certificate of purchase by the register, one to be filed by him, that on presentation of a copy to the receiver and payment he should issue a receipt, on which patent should be issued by the county court, a certified copy of a record of a certificate from the books of the register is not admissible to prove title in the purchaser; there being no provision for such record, nor authority to convey title, except on the receiver's receipt.

3. EJECTMENT ⊜⇒109—TRIAL—DIRECTION OF VERDICT.

Where by the laws of the state a patent of land to a deceased person is absolutely void, and there was substantial evidence that the patentee under whom plaintiff claimed was dead when the patent issued, it was error to direct a verdict for plaintiff.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action at law by Abraham R. Byrd against Elias Vincent McGrew. Judgment for plaintiff, and defendant brings error. Reversed.

John T. McKay, of Kennett, Mo., for plaintiff in error.

Robert Burett Oliver, of Cape Girardeau, Mo. (Robert Burett Oliver, Jr., and Allen Laws Oliver, both of Cape Girardeau, Mo., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER, District Judge.

TRIEBER, District Judge. The defendant in error instituted an action of ejectment against the plaintiff in error for the possession of 160 acres of land, claiming to be the owner thereof. The answer, in addition to a general denial, claimed title to the lands in controversy as a bona fide purchaser by mesne conveyances, under a patent issued by the county of Dunklin, state of Missouri, dated June 22, 1870, to William S. Sugg. There was a trial to a jury, and by direction of the

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied 257 Fed. 66, 168 C. C. A. 278.

court a verdict for the plaintiff was returned. Proper exceptions were saved to the action of the court in directing a verdict.

As the verdict was by direction of the court, the evidence must be given the strongest probative effect in favor of the unsuccessful party. Evidence was introduced tending to establish the following facts:

It was agreed that Dunklin county was the common source of title; its title emanating from a grant by the United States to the state of Missouri, under the Swamp Land Act of Congress of September 28, 1850 (9 Stat. 519, c. 84 [Comp. St. §§ 4958–4960]), and the act of the General Assembly of the state of Missouri, entitled "An act in relation to swamp lands in the counties of New Madrid, Pemiscot, Mississippi, Scott, Cape Girardeau, Stoddard, Wayne, Ripley, Butler and Dunklin," approved March 1, 1855 (Laws Mo. 1855, p. 154), and amendments thereto enacted in 1857 (Laws Mo. 1856–57, p. 271). By the act of 1855 the clerks of the county courts of those counties, in which the swamp lands granted to the state were lying, were made ex officio registers of swamp lands in their respective counties, and the county treasurers ex officio receivers of public moneys arising from the proceeds of the sales of such swamp lands. When any of said lands were sold, the register was to execute triplicate certificates of the sale, one of which he was to deliver to the purchaser, file one in his office, and transmit the other to the state register of lands at Jefferson City. When the certificate of purchase was presented to the receiver of public moneys and the purchase money paid, he was to issue triplicate receipts, one to be given to the purchaser, one filed in his office, and the other to be transmitted to the state register of lands at Jefferson City, whereupon the Governor was to cause a patent for the lands to be issued to the purchaser. In the county of Dunklin and two other counties named in the act, the county clerks and treasurers were not to act as registers and receivers, respectively, but these officials were to be elected by the qualified voters of each county. By the amendatory act of 1857, the county court of Dunklin county, when satisfied that full payment had been made, was authorized to issue the patent to the purchaser, such patent to be recorded, before delivery, in the office of the clerk of the court issuing it, and copies of such records, duly authenticated were to be received as evidence in all courts as fully as deeds duly proven and acknowledged and recorded in conformity with the recording laws of the state.

[1] It is the settled law of the state of Missouri, as in practically all other states, that in an action of ejectment the plaintiff must recover on the strength of his own title, and not on the weakness of his adversary's title. Large v. Fisher, 49 Mo. 307; Parker v. Cassingham, 130 Mo. 348, 32 S. W. 487; Creech v. Childers, 156 Mo. 338, 56 S. W. 1106; Carter v. Macy, 239 Mo. loc. cit. 524, 144 S. W. 107; Martin v. Kitchen, 195 Mo. 477, 93 S. W. 780.

[2] To establish his title, the plaintiff introduced a certified copy of a certificate from the register of lands of Dunklin county, dated December 27, 1860, which certified that William Pruett had purchased certain lands described, among which the lands in controversy are included, and had made full payment therefor. It was certified

as being a true copy, "as the same appears in Patent Register No. 2, page 20." Objection to the introduction of this certified copy was made by the defendant, and, the objection having been overruled, an exception was saved, and this is assigned as one of the errors.

The plaintiff then introduced in evidence the original patent to William Pruett, executed by the presiding judge of the county court of Dunklin county on August 20, 1867. This patent was recorded, before delivery in the office of the county clerk, as required by the act of 1857, but was never recorded in the office of the recorder of deeds, as required by the general statute of the state. Objection to the introduction of this deed was made, and, the objection being overruled, an exception was saved. The plaintiff also introduced evidence tending to establish his claim of title by mesne conveyances from the owners of the William Pruett title.

The defendant introduced evidence of a deed by Dunklin county for these lands, to one William S. Sugg, dated June 22, 1870, and a chain of conveyances of that title to him. He also introduced substantial evidence, tending to prove that William Pruett, under whom plaintiff claims, had died some time before the patent was issued to him. The plaintiff, in rebuttal, introduced evidence tending to show that Pruett was living at that time.

The certified copy of the register's certificate of purchase by William Pruett was clearly inadmissible, as there is no statute of the state requiring such a record to be kept. The statute provided that one of the original certificates of purchase was to be kept in the register's office, but no provision is made by this or any other statute of the state of Missouri, to which our attention has been called, requiring such certificates to be recorded in a book or record. Nall v. Conover, 223 Mo. 477, 122 S. W. 1039; Whitman v. Giesing, 224 Mo. 600, 123 S. W. 1052; Chamberlayne on Modern Law of Evidence, § 1693.

Another ground upon which the objection to the introduction of this certificate should have been sustained is that, under the statute, the certificate of the register merely establishes that application for the purchase has been made. The purchase money could only be paid to and received by the receiver. A person may apply to the register to purchase the lands, but until the purchase money had been paid to the receiver, and receipts therefor issued in triplicate, no patent could be issued by the county court. The objection to the introduction of this certified copy of the register's certificate should have been sustained.

[3] Did the court err in directing a verdict for the plaintiff? Under the laws of Missouri, as construed by its Supreme Court, a deed or patent to a deceased person is absolutely void. Collins v. Brannin, 1 Mo. 540; Thomas v. Wyatt, 25 Mo. 24, 69 Am. Dec. 446; Norfleet v. Russell, 64 Mo. 176; Bartlett v. Brown, 121 Mo. 353, 25 S. W. 1108; Martin v. Kitchen, 195 Mo. 477, 93 S. W. 780; Carter v. Macy, 239 Mo. 518, 144 S. W. 107. And this is the rule recognized generally. Galt v. Galloway, 29 U. S. (4 Pet.) 345, 7 L. Ed. 876; McDonald v. Smalley, 31 U. S. (6 Pet.) 261, 8 L. Ed. 391; Galloway

v. Finley, 37 U. S. (12 Pet.) 264, 297, 9 L. Ed. 1079; Neal v. Nelson, 117 N. C. 393, 23 S. E. 428, 53 Am. St. Rep. 590. As there was substantial evidence to warrant a finding by the jury that William Pruett. the grantee of the plaintiff, and under whom plaintiff claims title, was, at the time the patent was issued by the county court, dead, the court erred in refusing to submit the case to the jury under proper instructions on that issue.

Other errors have been assigned; but, as they may not arise on the next trial, we do not deem it necessary to pass on them.

For the errors indicated, the judgment is reversed, with directions to grant a new trial.