## McGREW v. BYRD.

(Circuit Court of Appeals, Eighth Circuit.   March 29, 1919.)

No. 5105.

EJECTMENT ⊙⟶13—TITLE TO SUPPORT ACTION.
 In the federal courts one cannot recover land in an action of eject-
ment on an equitable title only.

In Error to the District Court of the United States for the East-
ern District of Missouri; David P. Dyer, Judge.

Action at law by Abraham R. Byrd against Elias Vincent McGrew.
Judgment for plaintiff was reversed on error.   255 Fed. 759, —— C.
C. A. ——. On petition for rehearing.   Denied.

John T. McKay, of Kennett, Mo., for plaintiff in error.

Robert Burett Oliver, of Cape Girardeau, Mo. (Robert Burett Ol-
iver, Jr., and Allen Laws Oliver, both of Cape Girardeau, Mo., on the
brief), for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER, District Judge.

TRIEBER, District Judge.   In an opinion filed January 15, 1919,
the judgment of the District Court was reversed on a number of
grounds, and the cause remanded, with directions to grant a new
trial.

One of the grounds upon which the cause was reversed was that
the court erred in granting a peremptory instruction to the jury to
return a verdict for the plaintiff, although there was substantial evi-
dence that at the time the deed to William Pruett, under whom the
defendant in error claimed title, was executed by Dunklin county, Mo.,
he was dead, and we held that—

"As there was substantial evidence to warrant a finding by the jury that
William Pruett, the grantee of the plaintiff, and under whom plaintiff claims
title, was, at the time the patent was issued by the county court, dead, the
court erred in refusing to submit the case to the jury under proper instruc-
tions on that issue."

A request for an instruction to that effect had been made by the
plaintiff in error.   This ground of reversal is not questioned by coun-
sel in his petition, nor in the brief filed with the motion for rehearing.
This alone necessitates a denial of the petition for rehearing.

But as the cause will have to be retried, and the trial court will be
bound by what was determined by this court on the admission of evi-
dence which had been objected to at the trial by the plaintiff in error,
and by the court overruled, we deem it proper to pass upon these points
raised by the petition for rehearing.

In our opinion we held that the court erred in admitting a certi-
fied copy of the register's certificate of purchase by William Pruett,
holding that there is no statute of the state of Missouri requiring
such a record to be kept, citing Nall v. Conover, 223 Mo. 477, 122
S. W. 1039, and Whitman v. Giesing, 224 Mo. 600, 123 S. W. 1052,
to sustain our ruling.

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Another ground upon which we held that the certified copy of the register's certificate of purchase by William Pruett was inadmissible is that under the statute, regulating the sales of swamp lands, the certificate of the register is merely evidence of the fact that an application for the purchase of the lands had been made, but that the purchase money could only be paid and received by the receiver. We said:

"A person may apply to the register to purchase the lands, but until the purchase money has been paid to the receiver, and receipts therefor issued in triplicate, no patent could be issued by the county court."

Counsel now claim that the Missouri cases cited by us have since been overruled by the Supreme Court of that state in Mosher v. Bacon, 229 Mo. 338, 129 S. W. 680, and Russ v. Sims, 261 Mo. 27, 169 S. W. 69. We cannot agree with counsel in this contention. These were equitable actions to quiet title under the statutes of the state of Missouri. In neither of these cases were the cases cited by us in the opinion referred to. In Mosher v. Bacon the court held that as the evidence was undisputed that the original patentee of the lands in controversy had paid the full purchase price therefor to the county, and complied fully with all the provisions of the statute, he had an equitable title to the lands. The court held:

"The equitable title is at least passed, for the purchase money is paid, and the state cannot transfer her title, which is a mere naked legal title, to another."

This was followed in Russ v. Sims, where the receiver's receipt for the purchase money was also introduced. In the case at bar no evidence of payment to the receiver was attempted to be introduced.

But this is not an action to quiet title, but strictly an action at law of ejectment. That one cannot, in the national courts, recover lands in an action of ejectment on an equitable title only, is well settled. Langdon v. Sherwood, 124 U. S. 74, 8 Sup. Ct. 429, 31 L. Ed. 344; Johnson v. Christian, 128 U. S. 374, 9 Sup. Ct. 87, 32 L. Ed. 412; Schoolfield v. Rhodes, 82 Fed. 153, 27 C. C. A. 95; Armstrong Cork Co. v. Merchants' Refrigerating Co., 184 Fed. 199, 107 C. C. A. 93. And this rule prevails in the state of Missouri. Ables v. Webb, 186 Mo. 233, 85 S. W. 383, 105 Am. St. Rep. 610; Martin v. Kitchen, 195 Mo. 477, 93 S. W. 780.

Nor does Russ v. Sims sustain the contention that the register's record of applications for the purchase of swamp lands, or a certified copy thereof, is admissible in evidence. What the court did hold was that, as the act of 1901 (Laws of Missouri 1901, p. 251), known as the Carlton Act, and the act of 1907 (Laws of Missouri 1907, p. 271), made the abstracts prepared by one Carlton from the register's and receiver's books, which were at the time supposed to have been destroyed, prima facie evidence of land titles in Pemiscot county, the original books from which the abstracts were made, when found, were also admissible. The court clearly based its decisions upon those special acts. Had the court intended to overrule its former decisions, as claimed by counsel, it certainly would have so

stated, especially in view of the fact that the opinion in Russ v. Sims was written by the same judge who wrote the opinion in Whitman v. Giesing.

The petition for rehearing is denied.