NELLE SEXTON et al., Appellants, v. DUNKLIN COUNTY and HEMPHILL LUMBER COMPANY.

### Division One, December 30, 1922.

**COUNTY LANDS: Survey Prior to Sale.** The county court of the county which owns the title of lands formed by the abandonment of waters from the beds of lakes and rivers or by the formation of islands can sell them and issue a valid patent to the purchaser although they have not been surveyed. The law does not require a survey to be made prior to the time such lands are conveyed by the county court. On the contrary, the county court is given the untrammeled authority to sell and convey the county's lands to whomsoever it deems proper, with the one restriction that the purchase price must be paid; nor is its patentee chargeable with any neglect of duty on the part of the county court except that of paying the statutory consideration, which cannot be less than $1.25 per acre.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*John McAnally* for appellant.

(1) All lands formed by the abandonment of waters from the beds of lakes and rivers or by the formation of islands are granted and transferred to the counties in which such lands are located. R. S. 1909, sec. 8032; Frank v. Goddin, 193 Mo. 390; Lee v. Conran, 213 Mo. 404; Schneider v. Schneider, 224 S. W. 1. (2) All lands so formed above the county court shall have power to

order surveyed and then the court may patent them. R.
S. 1909, sec. 8033; Moore v. Farmer, 156 Mo. 33;
Schneider v. Schneider, 224 S. W. 1.

*Hugh B. Pankey* for respondent.

(1) The statutes give to the county the power and
authority to sell and convey lands owned by it. R. S.
1919, secs. 6994, 7029, 7030; Lineville v. Bohannon, 60
Mo. 554; Simpson v. Stoddard County, 173 Mo. 421;
Sturgeon v. Hampton, 88 Mo. 203; Cape Girardeau S.
W. Ry. Co. v. Hatton, 102 Mo. 55.     (2)    There is no
legislative enactment requiring a survey to lands prior
to a conveyance thereof, where it is admitted that the
absolute title is vested in the county. The only legisla-
tive restriction is that a county must receive as much
as $1.25 per acre for same. A patentee is not chargeable
with any neglect of duty on the part of the county in its
sales of land owned by it, but only chargeable with the
duty that the statute places on the patentee, that of pay-
ing the statutory consideration therefor of $1.25 per acre.
Laws 1869, p. 66; R. S. 1919, sec. 6994; Bayless v. Gibbs,
251 Mo. 492; Whitman v. Giesing, 224 Mo. 60; Mosher v.
Bacon, 229 Mo. 338; Wheeler v. Reynolds Land Co., 193
Mo. 279; Phillips v. Trust Co., 214 Mo. 669.    (3)   Land
patents issued by a county and the title being admitted
to be in the county are not required to contain evidence
that every condition is complied with. The prior patents
of the respondent are regular on their face and are not
subject to collateral attack. Chouteau v. Allen, 70 Mo.
390; Russ v. Sims, 261 Mo. 27; Frank v. Goddin, 193
Mo. 390; State v. Dines, 206 Mo. 649.    (4)   The statutes
imposes a duty on county courts in the event of a second
sale of the same land to refund the money paid. R. S.
1909, sec. 7019. Subsequent land patent that is issued
with knowledge of a prior patent passes no title. Stone
v. Perkins, 217 Mo. 586.

WOODSON, J.—The facts of this case are in its main features practically undisputed, and are as follows, as shown by the statement of the case as gleaned from the briefs of counsel.   They are:

In the late spring or early summer of 1918, John McAnally and E. V. McGrew presented to the County Court of Dunklin County, Missouri, a petition asking that said court have certain lands surveyed (the lands in controversy), and also at the same time made application for a patent to said lands when the same should be surveyed, a plat thereof made and the same approved by the court.   Upon this petition and application the court ordered the lands surveyed, the plat was made by the county surveyor, who did the surveying, and returned to the court, and by an order of record the same was duly approved by the court, and a patent was issued to said John McAnally and E. V. McGrew for the lands in controversy for the full consideration of $2.50 per acre.

Sometime in 1918 and after the patent was issued, as is shown by the record, McAnally and wife, Esther K., conveyed said premises (the whole) to Chas. S. Schultz as trustee for Drew Vardell to secure the payment of $350. At the time the first notice was published to foreclose under the deed of trust it was first discovered by McAnally that he had given a deed of trust on the whole of said tract when in fact he only had title to an undivided one-half interest, whereupon he sought E. V. McGrew and purchased for a nominal consideration by deed of warranty the other one-half interest, to save embarrassment.

After securing this deed, which was in January, 1919, John McAnally, being unable to protect his interests financially, at the trustee's sale, executed to Dunklin County a deed of quit claim for all of said lands, thereby saving himself from loss.

At the sale under the deed of trust, W. F. Sexton became the purchaser of this land, and he, and after his

death his heirs, brought this cause of action to determine
title.

Defendant Dunklin County permitted judgment to
go by default, but Hemphill Lumber Company filed its
answer in court on the same day of the trial, and con-
tested the case, it being the contention of defendant
Hemphill Lumber Company about as follows: That the
grantors of it, Hemphill Lumber Company, patented this
identical land as fractional parts of the sections and be-
fore it had ever been surveyed, but that it was surveyed
in 1906, and that therefore it has title, while it is the con-
tention of plaintiffs that the county court could not
patent unsurveyed land and give title.

By reading the foregoing statement it will be seen
that the legal proposition presented for determination is
single and confined to a very small compass, to-wit: Had
Dunklin County the legal authority to patent the land in
controversy before it was surveyed?

If this question is answered in the affirmative then
the decree of the circuit court must be affirmed, but if in
the negative it must be reversed.

Counsel for appellants contend that the County Court
of Dunklin County had no power or authority to sell this
land before the same had been surveyed, and relies upon
the following authorities in support of that contention:
Section 8032, Revised Statutes 1909, which provides that
all lands formed by the abandonment of waters from the
beds of lakes and rivers or by the formation of islands
are granted and transferred to the counties in which
such lands are located; and Frank v. Goddin, 193 Mo.
390; Lee v. Conran, 213 Mo. 404; Schneider v. Schneider,
224 S. W. 1.

We have carefully examined the authorities cited,
and find that they fall far short of holding what counsel
for appellants contend; but upon the other hand, we find
no legislative enactment requiring a survey of lands to be
made prior to the power of the county to convey title
thereto.  Section 6994, Section 7029 and Section 7030,

Revised Statutes 1919, give the county court of the county the untrammeled authority to sell and convey its lands to whom it deems proper, with the single restriction that it must receive the purchase price, which must not be less than $1.25 per acre.

It is fairly deducible from the following citations that: A patentee is not chargeable with any neglect of duty on the part of the county in its sales of land owned by it, but only chargeable with the duty that the statute places on the patentee, that of paying the statutory consideration therefor of $1.25 per acre. [Laws 1869, p. 66; R. S. 1919, sec. 6994; Bayless v. Gibbs, 251 Mo. 492, 158 S. W. 590; Whitman v. Giesing, 224 Mo. 600, 123 S. W. 1052; Mosher v. Bacon, 229 Mo. 338, 129 S. W. 680; Wheeler v. Reynolds Land Co., 193 Mo. 279, 91 S. W. 1050; Phillips v. St. Louis U. Transit Co., 214 Mo. 669, 113 S. W. 1065.]

The law of this State is well settled to the effect that patents issued by county courts conveying lands, the title being in the county, does not require the patent to contain evidence that every condition imposed by the law has been complied with. That being true the patents of respondent being regular upon their face, and prior to that of appellant, are not subject to collateral attack. [Chouteau v. Allen, 70 Mo. 290; Russ v. Sims, 261 Mo. 27, 169 S. W. 69, l. c. 71-77; Frank v. Goddin, 193 Mo. 390, 91 S. W. 1057, l. c. 1059; State v. Dines, 206 Mo. 649, 105 S. W. 722.]

It must follow from the views above expressed that the contention of appellants is not sound, and is therefore decided against them.

Finding no error in the record, the decree of the circuit court is affirmed.

All concur.